Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER MARGARET ANGLIN,<br><br>Plaintiff,<br><br>vs.<br><br>ROUND MOUNTAIN GOLD CORPORATION,<br><br>Defendant. | Case No.: 3:16-cv-00245-HDM-VPC<br><br>**JOINT CASE MANAGEMENT REPORT** |

COMES NOW, JENNIFER MARGARET ANGLIN ("Plaintiff" or "Anglin") and ROUND MOUNTAIN GOLD CORPORATION ("Defendant" or "RMC" or "Round Mountain Gold"), by and through their respective counsel, and file the following Joint Case Management Report pursuant to the Court's June 22, 2016 Minute Order [ECF No. 16], in preparation for the Case Management Conference set for July 12, 2016, at 9:00 a.m.

*(1) A short statement of the nature of the case, including a description of each claim and defense;*

**(a) Anglin makes the following allegations of fact and claims in this case:** Anglin worked as a haul truck driver at the Round Mountain Gold Mine in Round Mountain, Nevada from January 20, 2014 to February 25, 2015. On February 25, 2015 Anglin reported to her foreman that lime dust was going into her truck and it was causing her lungs to burn. The foreman immediately

took Anglin to the clinic at the mine and a drug test was administered. The drug test results were inconclusive. As a result of lime dust entering her truck, Anglin suffered burning lungs and bleeding through her nose, as well as a headache. Anglin also suffers from long term back issues related to greater trochanter bursitis, chronic back pain, and has had a spinal lumbar fusion. As a result of Anglin's back problems and at the direction of her doctor, Anglin requested leave under the FMLA on or about March 6th of 2015. On February 26, 2015 Anglin spoke with Denise Carver, a Human Resources representative at Round Mountain, and informed Ms. Carver that Anglin may seek FMLA leave for Anglin's back issue. At this time, Ms. Carver tried to discourage Anglin from seeking FMLA leave by asking that Anglin hold off on requesting FMLA leave. Round Mountain approved Anglin's FMLA leave and Anglin's FMLA Leave was scheduled to begin on or about March 9, 2015. As a result of the incident involving lime dust, Anglin opened a Worker's Compensation Claim under Nevada's Industrial Insurance Act, NRS Chapter 616 on February 25, 2015 by filing an Employee's Claim for Compensation/Report of Initial Treatment Form C-4 with Round Mountain. On March 10, 2015 Anglin was fired by Round Mountain by Ms. Carver and Neil Jensen, the Mine Supervisor at Round Mountain, on the grounds that Anglin failed to disclose to her supervisor that she took the prescription drug phenergan. Anglin was fired by telephone and was told on the call by Ms. Carver that Anglin would not receive any disability benefits. Anglin disclosed the fact that she took phenergan to Round Mountain before being hired by Round Mountain. Round Mountain's claim that it fired Anglin because she failed to disclose that she took phenergan was a pretext for firing Anglin. Round Mountain fired Anglin because she sought FMLA leave for her back issues and because she filed a Workers Compensation Claim after being injured at her job at Round Mountain. Anglin has made a claim for retaliatory termination of employment in violation of the FMLA and for retaliatory discharge by reason of the filing of worker's compensation claim.

**(b) Round Mountain Gold's Statement Regarding the Nature of the Case:**

Anglin is a former Round Mountain Gold employee. Many of Round Mountain Gold's employees, including Anglin (who worked as a haul truck driver), have job duties that include the operation of company trucks, heavy machinery, and other equipment. Accordingly, Round Mountain Gold requires those employees to disclose medications they are taking because it needs to be able to assess possible safety risks in the workplace. On February 25, 2015, Anglin was involved in an alleged workplace accident, in conjunction with which she revealed that, before her shift, she had taken Phenergan. Phenergan is a prescription medication with numerous side effects, including drowsiness, dizziness, and blurred vision, that can directly impede an employee's ability to safely perform his or her job. However, Anglin had failed to notify Round Mountain Gold that she was taking Phenergan as required by policy. In light of the foregoing, and after considering Anglin's history of unsafe behavior, Round Mountain Gold decided to terminate Anglin's employment. Although Anglin claims otherwise, the termination decision had absolutely nothing to do with her request for worker's compensation or FMLA leave, which Anglin made after she disclosed her Phenergan use.

*(2) A description of the principal factual and legal disputes in the case;*

(a) **Anglin believes that the principal factual disputes at issue are as follows:** (1) whether Anglin disclosed to RMC the fact that she took Phenergan before or while being hired; (2) whether RMC fired Anglin because she filed a workers compensation claim and requested FMLA leave; (3) whether Anglin otherwise qualified for FMLA leave; (4) the amount of damages to which Anglin is entitled is she prevails on her claims; and (5) whether RMC fired Anglin in such a manner that they knew was contrary to the FMLA and Nevada law. Anglin believes that the principal legal disputes at issue are minimal, as it is well established that firing a person in retaliation for seeking FMLA leave or for filing a worker's compensation claim is contrary to law. The dispute in in his case is primarily factual in nature.

///

///

///

      **(b) Round Mountain Gold's Position Regarding the Principal Factual and Legal Disputes:**

The salient factual and legal disputes between the parties arise from Anglin's allegation that Round Mountain Gold unlawfully terminated her employment to supposedly retaliate against her for requesting worker's compensation and FMLA leave. Round Mountain Gold denies Anglin's allegations.

***(3) The jurisdictional basis for the case, citing specific jurisdictional statutes***

Anglin alleges that this Court has jurisdiction over this action pursuant to 29 U.S.C. § 2601 in that this case arises under federal law, specifically, the FMLA. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's common law claims under Nevada law form part of the same case or controversy. Plaintiff's state law claims share all common operative facts with his federal law claim, and the parties are identical. Round Mountain Gold does not concede that Anglin has any viable claims under federal or state law.

***(4) Any parties who have not been served and an explanation why they have not been served; and any parties which have been served but have not answered or otherwise appeared***

All parties have been served.

***(5) A statement whether any party expects to add additional parties to the case or otherwise amend the pleadings (the court will set a deadline to join parties or amend pleadings at the case management conference)***

The parties do not expect that additional parties will be added to this case. The Court has set a due date for amending pleadings in the Scheduling Order (ECF No. 12).

***(6) A list of contemplated motions and a statement of issues to be decided by these motions***

(a) Anglin may file a motion for summary judgment in this matter on the issue of liability for both of her claims, depending on he facts that are established during discovery. Anglin will seek that the Court determine whether there is a genuine issue of material fact as to whether RMC fired Anglin because she filed a worker's compensation claim and sought FMLA leave.

  (b) Round Mountain Gold anticipates filing a motion for summary judgment as to each of Anglin's claims upon the close of discovery.

*(7) Whether there are any pending motions that may affect the parties' abilities to comply with a case management order, including a brief description of those motions*

  There are no such pending motions.

*(8) The status of related cases pending before other courts or other judges of this court*

  There are no such related cases.

*(9) Any further supplemental discussion of necessary discovery:*

  **(a) Extent, Nature, and Location of Discovery.**

  On June 17, 2016 the Court approved the Proposed Scheduling Order (ECF Nos. 9 and 12) of the parties. The parties anticipate that both written and deposition discovery (including third party discovery) will be conducted. The primary witnesses and documents are located in the Round Mountain area. Thus, discovery in this case will likely take place in that area. The parties agree that nothing in this report shall constitute a waiver of any objections that the parties may raise or lodge in response to any discovery requests. At this time, it appears that discovery in this case will not be sufficiently complex to warrant conducting discovery in phases.

  **(b) Suggested Revisions to Discovery Limitations.**

  The parties have not requested special scheduling review at this time.

  **(c). Depositions.**

  The parties will conduct depositions in accordance with Fed. R. Civ. P. 30.

*(10) A discussion of any issues relating to the disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (see Rules 16(b)(5), 26(f)(3); and 33(d)).*

  The parties are unaware of any such issues at this time.

*(11) A discussion of any issues related to claims of privilege or work product (see Rules 16(b)(3)(B)(iv) and 26(f)(3)(D))*

  The parties do not anticipate that any issues related to claims or privilege or work product exist or will exist in this case. However, the parties acknowledge and agree that while each is

taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

**(12) Unless the Court has already approved a discovery plan and scheduling order, the parties shall include proposed dates for each of the following pursuant to Local Rule 26-1**

On June 17, 2016 the Court approved the Proposed Scheduling Order (ECF Nos. 9 and 12) submitted by the parties.

**(13) If this is a patent case, the parties shall review the Local Rules of Practice for Patent Cases LR 16.1-1 through 16.1-21 and include proposed dates for all required disclosures, statements, and claim construction briefing pursuant to the attached chart**

This is not a patent case.

**(14) Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, set forth reasons)**

The Plaintiff has demanded a jury trial in this case. At this time, Round Mountain Gold does not anticipate that this request will be contested, but it reserves the right to do so.

**(15) The estimated length of trial and any suggestions for shortening the trial**

The parties estimate that trial in this matter will take approximately 5 days.

///

///

*(16) The prospects for settlement, including any request of the court for assistance in settlement efforts*

An Early Neutral Evaluation is scheduled in this matter on August 17, 2016 before Magistrate Judge Cobb. The parties are not requesting additional assistance in settlement efforts from the Court at this time.

*(17) Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Fed.R.Civ.P. 1. Counsel for all parties are expected to comply fully with the Federal Rules of Civil Procedure and this Court's Local Rules to minimize the expense of discovery*

The parties are unaware of any such matters at this time.

Respectfully submitted,

Dated: June 28, 2016

By: /s/ Luke A. Busby
Luke Andrew Busby, Esq.
luke@lukeandrewbusbyltd.com
Luke Andrew Busby, Ltd.
216 East Liberty Street
Reno, Nevada 89501
Telephone: (775) 453-0112

*Attorney for Plaintiff*

Dated: 6/28/16

By: /s/
Dora V. Lane, Esq.
dlane@hollandhart.com
Ricardo N. Cordova, Esq.
rncordova@hollandhart.com
Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000

*Attorneys for Round Mountain Gold Corporation*