Luke Andrew Busby, Ltd.
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER MARGARET ANGLIN,<br><br>              Plaintiff(s),<br>        vs.<br><br>ROUND MOUNTAIN GOLD<br>CORPORATION,<br><br><br>              Defendant(s).<br>_____/ | Case No. 3:16-cv-00245-HDM-VPC<br><br>**JURY TRIAL DEMANDED** |

# AMENDED COMPLAINT FOR DAMAGES
# AND DECLARATORY RELIEF

COMES NOW, JENNIFER MARGARET ANGLIN ("Anglin" or "Plaintiff"), a married woman, by and through the undersigned counsel, and files the following amended complaint seeking redress for her unlawful termination from Round Mountain Gold Corporation ("Round Mountain" or "Defendant") in violation of the Family Medical Leave Act ("FMLA"), interference with Anglin's rights under the FMLA, and retaliatory discharge in violation of Nevada law.

///

///

1

**Jurisdiction**

1.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 2601 in that this case arises under federal law, specifically, the FMLA.

2.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's common law claims under Nevada law form part of the same case or controversy.  Plaintiff's state law claims share all common operative facts with his federal law claim, and the parties are identical.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

**Venue**

3.      Venue is proper in the Northern District of Nevada because the unlawful acts giving rise to Plaintiff's claims occurred in this District.

**Parties**

4.      Anglin resides in Fernley, Nevada.

5.      Round Mountain is a Delaware Corporation, duly authorized to conduct business in the State of Nevada.  Round Mountain owns and operates the Round Mountain Gold Mine in Round Mountain, Nevada.

6.      All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

**Statement of Facts**

7.      Anglin worked as a haul truck driver  at the Round Mountain Gold Mine in Round Mountain, Nevada from January 20, 2014 to February 25, 2015.

2

8.    On February 25, 2015 Anglin reported to her foreman that lime dust was going into her truck and it was causing her lungs to burn.  The foreman immediately took Anglin to the clinic at the mine and a drug test was administered.  The drug test results were inconclusive, and later came back as negative.

9.    As a result of lime dust entering her truck, Anglin suffered burning lungs and bleeding through her nose, as well as a headache.

10.    Anglin also suffers from long term back issues related to greater trochanter bursitis, chronic back pain, and has had a spinal lumbar fusion.

11.    As a result of Anglin's back problems and at the direction of her doctor, Anglin requested leave under the FMLA on or about March 5th of 2015.

12.    On February 26, 2015 Anglin spoke with Denise Carver, a Human Resources representative at Round Mountain about the February 25, 2016 incident, and informed Ms. Carver that Anglin may seek FMLA leave for Anglin's back issue.  At this time, Ms. Carver tried to discourage Anglin from seeking FMLA leave by asking that Anglin hold off on requesting FMLA leave.

13.    Round Mountain approved Anglin's eligibility to take FMLA leave on or about March 5, 2015.

14.    As a result of the incident involving lime dust, Anglin opened a Workers Compensation Claim under Nevada's Industrial Insurance Act, NRS Chapter 616 on February 25, 2015 by filing an Employee's Claim for Compensation/Report of Initial Treatment Form C-4 with Round Mountain.

15.    On March 10, 2015, Christian Hicks, a Human Resources representative at Round Mountain,  authored an email to Denise Carver and Mary Wootton (another Human Resources employee at Round Mountain) informing Ms. Carver and Ms. Wootton that on March 5, 2015, Mr. Hicks was informed of a pending drug screen on Anglin and informed Anglin via telephone that Anglin's leave was on hold and not being put into place until the drug screen results had been returned and until Anglin was contacted further about her leave.

16.    Although the drug test administered by Round Mountain after the February 25, 2015 incident ultimately came back negative, on March 10, 2015 Anglin was fired by Round

Mountain by Ms. Carver and Neil Jensen, the Mine Supervisor at Round Mountain, on the grounds that Anglin failed to disclose to her supervisor that she took the prescription drug phenergan.

17.     Anglin was fired by telephone and was told on the call by Ms. Carver that Anglin would not receive any disability benefits.

18.     Anglin disclosed the fact that she took phenergan to Round Mountain before being hired by Round Mountain.

19.     Anglin's use of phenergan did not violate any company policy of Round Mountain.

20.     Round Mountain's claim that it fired Anglin because she failed to disclose that she took phenergan was a  pretext for firing Anglin.

21.     Round Mountain fired Anglin because she sought FMLA leave for her back issues and because she filed a Workers Compensation Claim after being injured at her job at Round Mountain.

22.     Round Mountain interfered with, restrained, or denied the exercise of or the attempt to exercise of Anglin's rights under the FMLA.

23.     The Plaintiff is informed and believes, and thereon alleges, that Defendants deny that its actions and/or failures to act were unlawful.  Declaratory relief is therefore necessary and appropriate at this time so that Plaintiff can ascertain her rights.

24.     Defendants acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of the Plaintiff.  The Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

25.     The Plaintiff has suffered damages as a result of the conduct of the Defendants.

**Claims For Relief**

***Retaliatory  Termination of  Employment in Violation of the FMLA***

26.     Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

27.     Upon information and belief, at all times material hereto Defendant employed in excess of fifty (50) employees within a seventy five (75) mile radius of the work site and is

an "employer" as defined in §101(4)(A) of the FMLA at 29 U.S.C. §2611(4)(A).

28.    At all times material hereto, Plaintiff was an "eligible employee" as defined in §101(2) of the FMLA at 29 U.S.C §2611(2) in that Plaintiff had worked for Defendant for more than twelve months and for more than 1,250 hours in the twelve month period preceding her absences.

29.    The medical condition from which Plaintiff suffers required medical attention and prevented her for performing the essential functions of her position from time to time. Thus Plaintiff's condition qualified under the FMLA as a serious health condition.  Plaintiff exercised her rights from time to time to take time off to attend to her serious health condition as was fired as a result.

30.    Defendant retaliated against Plaintiff for her exercise of her rights under the FMLA, by unlawfully discharging the Plaintiff.  Defendant's acts and omission are in violation of the anti-interference and anti-discrimination provisions of §105(a) of the FMLA [29 U.S.C. §2615(a)]

31.    As a direct and proximate result of Defendants unlawful acts, Plaintiff has suffered loss of wages, employment benefits, and other compensation and is entitled to an award to compensate her for those losses.

32.    Pursuant to the FMLA, Plaintiff is also entitled to an award of prejudgment interest at the prevailing rate from the date of the unlawful retaliation to the date of judgment on the award of wages, employment benefits, and other compensation lost to her as a result of Defendant's violations of the FMLA.

33.    Plaintiff is entitled to liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendant's violations of the FMLA as Defendant did not act in good faith and based upon reasonable grounds to believe that it was in compliance with the FMLA.

34.    As a further direct and proximate result of Defendant's violations Plaintiff has been required to obtain the services of an attorney and she is entitled to an award of reasonable attorney's fees and the costs and expenses of this action.

35.    Defendant's unlawful actions were intentional, willful, malicious and/or done

with reckless disregard for Plaintiff's rights.

36.     In addition to the relief requested above, the Plaintiff requests relief as described in the Prayer for Relief below.

### Unlawful Interference with the Plaintiff's seeking FMLA leave

37.     Plaintiff repeats and realleges the allegations set forth in the foregoing Paragraphs as though fully set forth herein.

38.     Upon information and belief, at all times material hereto Defendant employed in excess of fifty (50) employees within a seventy five (75) mile radius of the work site and is an "employer" as defined in §101(4)(A) of the FMLA at 29 U.S.C. §2611(4)(A).

39.     At all times material hereto, Plaintiff was an "eligible employee" as defined in §101(2) of the FMLA at 29 U.S.C §2611(2) in that Plaintiff had worked for Defendant for more than twelve months and for more than 1,250 hours in the twelve month period preceding her absences.

40.     The medical condition from which Plaintiff suffers required medical attention and prevented her for performing the essential functions of her position from time to time. Thus Plaintiff's condition qualified under the FMLA as a serious health condition.  Plaintiff exercised her rights from time to time to take time off to attend to her serious health condition as was fired as a result.

41.     Anglin gave notice of her intention to take FMLA leave to the Defendant as described above.

42.     Defendant  interfered with, restrained, or denied the exercise of or the attempt to exercise of the Plaintiff's rights under the FMLA.  Defendant's acts and omission are in violation of the anti-interference and anti-discrimination provisions of §105(a) of the FMLA [29 U.S.C. §2615(a)]

43.     As a direct and proximate result of Defendants unlawful acts, Plaintiff has suffered loss of wages, employment benefits, and other compensation and is entitled to an award to compensate her for those losses.

44.     Pursuant to the FMLA, Plaintiff is also entitled to an award of prejudgment interest at the prevailing rate from the date of the unlawful retaliation to the date of judgment

on the award of wages, employment benefits, and other compensation lost to her as a result of Defendant's violations of the FMLA.

45.    Plaintiff is entitled to liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to him as a result of Defendant's violations of the FMLA as Defendant did not act in good faith and based upon reasonable grounds to believe that it was in compliance with the FMLA.

46.    As a further direct and proximate result of Defendant's violations Plaintiff has been required to obtain the services of an attorney and she is entitled to an award of reasonable attorney's fees and the costs and expenses of this action.

47.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

48.    In addition to the relief requested above, the Plaintiff requests relief as described in the Prayer for Relief below.

### *Retaliatory Discharge by reason of the filing of a Workers Compensation Claim*

49.    The Plaintiff re-alleges the foregoing paragraphs as though the same were set forth hereat verbatim, incorporating every one herein by this reference into the claims listed below.

50.    The medical condition from which Plaintiff suffered was an on the job injury.

51.    Plaintiff exercised her rights to file a workers compensation claim as a result of the injury.

52.    Defendant retaliated against Plaintiff for her exercise of her rights to file a Workers Compensation claim by unlawfully discharging the Plaintiff.

53.    As a direct and proximate result of Defendants unlawful acts, Plaintiff has suffered loss of wages, employment benefits, and other compensation and is entitled to an award to compensate her for those losses.

54.    By firing the Plaintiff because she filed a Workers Compensation claim, the Defendants engaged in conduct in furtherance of and opposed to the strong and compelling public policy of the State of Nevada.  *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (Nev. 1984).

55.    The Defendant's conduct was tortious and was done with heedless and reckless disregard for the Plaintiff's rights and welfare, and the same was done intentionally, maliciously, and with wanton disregard for the Plaintiff's rights.

56.    Accordingly, the Plaintiff is entitled to punitive and exemplary damages against the Defendants, in order to punish the Defendants and to serve as an example to others engaged in such conduct that such behavior will not be tolerated.

57.    In addition to the relief requested above, the Plaintiff requests relief as described in the Prayer for Relief below.

WHEREFORE, the Plaintiff requests that this Court:

a. Enter a declaratory judgment that the actions complained of in this complaint are unlawful and violate the FMLA.

b. Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful actions, in amounts to be proven at trial;

c. Order Defendants to pay compensatory damages for the Plaintiff emotional pain and suffering, in an amount to be proven at trial;

d. Order the Defendants to pay liquidated damages as provided by law;

e. Order Defendants to pay exemplary and punitive damages;

f. Order Defendants to pay attorneys' fees and costs of the action;

g. Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

h. Grant any further relief that the Court deems just and proper.

Respectfully submitted this September 14, 2016

By: _Luke A. Busby_
Luke Busby
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

8

**JURY TRIAL DEMAND**

Plaintiff  hereby demands a jury trial on all issues so triable.


Respectfully submitted this September 14, 2016


By: _Luke A. Busby_
Luke Busby
Nevada State Bar No. 10319
216 East Liberty St.
Reno, NV 89501
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below, I electronically transmitted the foregoing pleading to document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel registered to receive Electronic Filings and/or I mailed the foregoing pleading to the address below by US Mail postage prepaid, and/or I hand delivered the foregoing to:

DORA V. LANE, ESQ.
RICARDO N. CORDOVA, ESQ.
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179
*Attorneys for Defendant Round Mountain Gold Corporation*

By: _____        Dated: __September 14, 2016__
Luke Busby