DORA V. LANE, ESQ. NV BAR NO. 8424
Dlane@hollandhart.com
RICARDO N. CORDOVA, ESQ., NV BAR NO. 11942
Rncordova@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile:  (775) 786-6179

*Attorneys for Defendant Round Mountain Gold Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JENNIFER MARGARET ANGLIN,<br><br>Plaintiff,<br><br>vs.<br><br>ROUND MOUNTAIN GOLD CORPORATION,<br><br>Defendant. | Case No.: 3:16-cv-00245-HDM-VPC<br><br>**DEFENDANT'S ANSWER TO AMENDED COMPLAINT** |

Defendant Round Mountain Gold Corporation ("Defendant" or "Round Mountain Gold"), answers the Amended Complaint for Damages and Declaratory Relief ("Amended Complaint") filed by Jennifer Margaret Anglin ("Plaintiff" or "Anglin") on or about September 14, 2016.

Answering the preliminary statement on page 1 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this preliminary statement.

**Jurisdiction**

1.      Answering Paragraph 1 of the Amended Complaint, Round Mountain Gold responds that the allegations set forth in this paragraph of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Round Mountain Gold denies the allegations.

2.      Answering Paragraph 2 of the Amended Complaint, Round Mountain Gold responds that the allegations set forth in this paragraph of the Amended Complaint contain legal conclusions to which no response is required.  To the extent a response is required, Round

Mountain Gold denies the allegations.

## Venue

3. Answering Paragraph 3 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

## Parties

4. Answering Paragraph 4 of the Amended Complaint, Round Mountain Gold lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, on that basis, Round Mountain Gold denies these allegations.

5. Answering Paragraph 5 of the Amended Complaint, Round Mountain Gold admits the allegations contained in this paragraph.

6. Answering Paragraph 6 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

## Statement of Facts

7. Answering Paragraph 7 of the Amended Complaint, Round Mountain Gold admits that Anglin worked as a haul truck driver at Round Mountain Gold. Round Mountain Gold denies the remaining allegations contained in this paragraph.

8. Answering Paragraph 8 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

9. Answering Paragraph 9 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

10. Answering Paragraph 10 of the Amended Complaint, Round Mountain Gold lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, on that basis, Round Mountain Gold denies these allegations.

11. Answering Paragraph 11 of the Amended Complaint, Round Mountain Gold lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and, on that basis, Round Mountain Gold denies these allegations

12. Answering Paragraph 12 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

13. Answering Paragraph 13 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

14. Answering Paragraph 14 of the Amended Complaint, Round Mountain Gold admits that Anglin purported to open a Worker's Compensation Claim involving an alleged incident with lime dust. Round Mountain Gold denies the remaining allegations contained in this paragraph.

15. Answering Paragraph 15 of the Amended Complaint, Round Mountain Gold admits that Christian Hicks sent an email to Denise Carver and Mary Wooton on or about March 10, 2015. Round Mountain Gold denies the remaining allegations contained in this paragraph.

16. Answering Paragraph 16 of the Amended Complaint, Round Mountain Gold admits that Anglin's employment was terminated on March 10, 2015. Round Mountain Gold denies the remaining allegations contained in this paragraph.

17. Answering Paragraph 17 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

18. Answering Paragraph 18 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

19. Answering Paragraph 19 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

20. Answering Paragraph 20 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

21. Answering Paragraph 21 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

22. Answering Paragraph 22 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

23. Answering Paragraph 23 of the Amended Complaint, Round Mountain Gold maintains its position that it has not engaged in unlawful conduct. Round Mountain Gold denies the remaining allegations contained in this paragraph.

24. Answering Paragraph 24 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

25. Answering Paragraph 25 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

### Claims for Relief

#### *Retaliatory Termination of Employment in Violation of the FMLA*

26. Round Mountain Gold incorporates its prior admissions, averments, or denials of the allegations contained in Paragraphs 1 through 25, as though these answers were fully alleged herein.

27. Answering Paragraph 27 of the Amended Complaint, Round Mountain Gold admits that it employed in excess of fifty (50) employees within a seventy five (75) mile radius of the Round Mountain Gold Mine. The remaining allegations set forth in this paragraph of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Round Mountain Gold denies the allegations.

28. Answering Paragraph 28 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

29. Answering Paragraph 29 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

30. Answering Paragraph 30 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

31. Answering Paragraph 31 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

32. Answering Paragraph 32 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

33. Answering Paragraph 33 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

34. Answering Paragraph 34 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

35. Answering Paragraph 35 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

36. Answering Paragraph 36 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

*Unlawful Interference with the Plaintiff's seeking FMLA leave*

37. Round Mountain Gold incorporates its prior admissions, averments, or denials of the allegations contained in Paragraphs 1 through 36, as though these answers were fully alleged herein.

38. Answering Paragraph 38 of the Amended Complaint, Round Mountain Gold admits that it employed in excess of fifty (50) employees within a seventy five (75) mile radius of the Round Mountain Gold Mine. The remaining allegations set forth in this paragraph the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Round Mountain Gold denies the allegations.

39. Answering Paragraph 39 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

40. Answering Paragraph 40 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

41. Answering Paragraph 41 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

42. Answering Paragraph 42 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

43. Answering Paragraph 43 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

44. Answering Paragraph 44 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

45. Answering Paragraph 45 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

46. Answering Paragraph 46 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

47. Answering Paragraph 47 of the Amended Complaint, Round Mountain Gold denies

HOLLAND & HART LLP
5441 Kietzke Lane, 2nd Floor
Reno, NV 89511
Phone: (775) 327-3000 ♦ Fax: (775) 786-6179

the allegations contained in this paragraph.

48. Answering Paragraph 48 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

### *Retaliatory Discharge by reason of the filing of a Workers Compensation Claim*

49. Round Mountain Gold incorporates its prior admissions, averments, or denials of the allegations contained in Paragraphs 1 through 48, as though these answers were fully alleged herein.

50. Answering Paragraph 50 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

51. Answering Paragraph 51 of the Amended Complaint, Round Mountain Gold admits that Anglin purported to file a Worker's Compensation Claim. Round Mountain denies the remaining allegations contained in this paragraph.

52. Answering Paragraph 52 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

53. Answering Paragraph 53 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

54. Answering Paragraph 54 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

55. Answering Paragraph 55 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

56. Answering Paragraph 56 of the Amended Complaint, Round Mountain Gold denies the allegations contained in this paragraph.

57. Round Mountain Gold is not required to respond to Anglin's prayer. To the extent Anglin's prayer asserts allegations, Round Mountain Gold denies each and every allegation contained in Anglin's prayer.

WHEREFORE, Round Mountain Gold respectfully asks this Court:

    a.    For judgment that Anglin is entitled to recover nothing by way of her Amended Complaint.

b.	For an award of attorney's fees and costs of suit incurred herein; and

c.	For such other and further relief as the Court deems proper.

### AFFIRMATIVE DEFENSES

As and for separate defenses, Round Mountain Gold alleges the following affirmative defenses:

1.	The Amended Complaint and each cause of action asserted therein, are barred by the affirmative defenses set forth at FRCP § 8 (c) and any other applicable affirmative defense not specifically set forth herein.

2.	Anglin's Amended Complaint fails to state a claim for relief.

3.	Anglin has failed to state her claim for special damages with the requisite specificity.

4.	If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Round Mountain Gold, Round Mountain is not liable under concepts of Respondeat Superior, nor is Round Mountain Gold vicariously liable.

5.	Anglin's claims are barred due to fraud.

6.	Upon information and belief, Anglin has failed to mitigate her alleged damages. Further, Anglin's misconduct with subsequent employers limits her economic and compensatory damages.

7.	Anglin's claims are barred by the doctrine of unclean hands.

8.	Anglin's claims are barred by the doctrine of laches.

9.	Angin has waived or is otherwise estopped from asserting her claims.

10.	If Anglin is adjudged to be entitled to any recovery, then Round Mountain Gold is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wage, salaries, and/or social security payments, received by Anglin.

11.	Anglin did not have a serious health condition as defined by the FMLA.

12.	Anglin intentionally and/or recklessly failed to notify and concealed her condition from Round Mountain Gold, making it impossible for her employer to extend FMLA benefits in a timely manner, assuming, arguendo, any leave was protected by the FMLA.

13. Any and all actions taken regarding Anglin were for legitimate, non-discriminatory, and non-retaliatory business reasons.

14. Anglin would have been terminated regardless of her alleged request for, or taking of, FMLA leave or her purported submission of a workers' compensation claim. Round Mountain Gold's decision to terminate Anglin would have been the same, with or without Anglin's alleged FMLA leave request.

15. Should a violation of the FMLA be found, Round Mountain Gold alleges that, at all relevant times, it acted in good faith and had reasonable grounds to believe in good faith it was not violating the FMLA.

16. Anglin's Amended Complaint fails to allege the existence of any facts amounting to willful violation of the FMLA.

17. Assuming, arguendo, any discrimination or retaliation occurred, Round Mountain Gold took immediate and appropriate corrective action to stop any such alleged conduct.

18. Assuming, arguendo, any discrimination or retaliation occurred, Round Mountain Gold did not know nor should it have known of any such alleged conduct.

19. Assuming, arguendo, any discrimination or retaliation occurred, Round Mountain Gold took reasonable and prompt steps to prevent any such alleged conduct from occurring in the workforce.

20. Anglin's claims are barred, in whole or in part, because Round Mountain Gold exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior and Anglin unreasonably failed to take advantage of preventative and corrective opportunities provided by Round Mountain Gold or to otherwise avoid harm.

21. Round Mountain Gold instituted and enforced a proper and/or effective anti-retaliation policy and Anglin unreasonably failed to utilize such policies.

22. The worker's compensation laws provide the exclusive remedy for Anglin's alleged injuries and damages.

23. Any and all actions taken by Round Mountain Gold were just, fair, with good cause, privileged, in good faith, and without malice.

24.     Anglin's alleged damages are limited by any applicable statutory cap.

25.     Any and all actions taken by Round Mountain Gold were justified by after-acquired evidence, and Anglin's recovery is limited and/or barred by after-acquired evidence.

26.     Anglin's Amended Complaint fails to state facts sufficient to justify an award of punitive damages.

27.     Punitive, nominal, and emotional damages are not recoverable on Anglin's FMLA claim.

28.     Punitive damages are unconstitutional in general and as applied to Round Mountain Gold.

29.     Punitive damages constitute excessive fines prohibited by the United States and the Nevada Constitutions. The relevant statutes do not provide adequate standards or safeguards for their application and they are void for vagueness under the due process clause of the Fourteenth Amendment of the United States Constitution and in accordance with Article I, Section 8 of the Nevada Constitution.

DATED this 28th day of September, 2016.

/s/ Dora V. Lane
DORA V. LANE, ESQ. NV BAR NO. 8424
Dlane@hollandhart.com
RICARDO N. CORDOVA, ESQ., NV BAR NO. 11942
Rncordova@hollandhart.com
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

*Attorneys for Defendant Round Mountain Gold Corporation*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on September 28, 2016, I served a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO AMENDED COMPLAINT** by electronic transmission to the parties on electronic file as listed below:

Luke Andrew Busby, Ltd.
216 East Liberty Street
Reno, Nevada 89501
luke@lukeandrewbusbyltd.com

*Attorney for Plaintiff*

/s/ Marcia Filipas
Marcia Filipas

8817291_1